**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK L. MORRIS, | No. 09-17835 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-05015-SI |
| v. | |
| JOE MCGRATH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

California state prisoner Jack L. Morris appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action, alleging deliberate

indifference to his medical needs.  We have jurisdiction under 28 U.S.C. § 1291.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion the district court's order denying a motion to compel discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment for defendants. *See Toguchi*, 391 F.3d at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002) ("[A] reasonable prison official understanding that he cannot recklessly disregard a substantial risk of serious harm, could know all of the facts yet mistakenly, but reasonably, perceive that the exposure in any given situation was not that high. In these circumstances, he would be entitled to qualified immunity.").

The district court did not abuse its discretion in denying Morris's motions to compel discovery and responses to his subpoenas. *See Hallett*, 296 F.3d at 751 (trial court's broad discretion "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant") (internal quotation marks and citation omitted).

**AFFIRMED.**